**In re Petition for DISCIPLINARY ACTION AGAINST Jon Elton STANEK, a Minnesota Attorney, Registration No. 388792.**

No. A12–0525.

Supreme Court of Minnesota.

Nov. 28, 2012.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and an amended and supplementary petition for disciplinary action alleging that respondent Jon Elton Stanek committed professional misconduct, namely, failing to comply with the terms of a consent agreement for conditional admis-

sion to the practice of law in Minnesota and making false statements to the Director during the disciplinary investigation, in violation of Minn. R. Prof. Conduct 3.4(c), 8.1(a) and (b), 8.4(c) and (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously filed answer, and unconditionally admits the allegations of the amended and supplementary petition for disciplinary action. The parties jointly recommend that the appropriate discipline is a 30–day suspension, that respondent be required to promptly enroll in an intensive outpatient treatment program, that respondent's reinstatement to the practice of law be conditioned on his enrollment and participation in or successful completion of the intensive outpatient treatment program, and that upon reinstatement, respondent be placed on supervised probation for two years.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings therein,

IT IS HEREBY ORDERED that:

1. Respondent Jon Elton Stanek is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 30 days;

2. Respondent shall promptly enroll in an intensive outpatient program at First Things First in accordance with the August 19, 2011, discharge recommendations of New Beginnings Treatment Center or another intensive outpatient program acceptable to the Director. Respondent shall not be reinstated to the practice of law unless, at the time he seeks reinstatement, he is either currently enrolled and actively participating in an intensive outpatient program or has successfully completed an intensive outpatient program and is compliant with any discharge recommendations made by the program;

3. Upon reinstatement, respondent shall be placed on two years of probation subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

(d) Respondent shall complete any aftercare treatment that may be recommended or prescribed by the intensive outpatient program referred to in paragraph 2 above;

(e) Respondent shall attend at least three weekly meetings of Alcoholics Anonymous, Narcotics Anonymous or another support program acceptable to the Director. Respondent shall, by the tenth day of each month, without a spe-

cific reminder request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any;

(f) Respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after one year, all such tests have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will be grounds for revoking this probation;

(g) Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of the court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor; and

(h) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with his probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall fully disclose to the supervisor in writing whether he has remained abstinent from alcohol and other mind-altering drugs and shall inform the supervisor in writing of all treatment efforts he has participated in and all recommendations made by treatment providers. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

4. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

5. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR;

6. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR; and

7. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

BY THE COURT

/s/Alan C. Page
Associate Justice